```
             IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

UNITED STATES OF AMERICA           *

vs.                                *

                                   *     CASE NO. 4:07-CR-41 (CDL)
GREGORY DILTZ,
                                   *
    Defendant.
                                   *

O R D E R

Presently pending before the Court is Defendant Gregory Diltz's Motion for Judgment of Acquittal Notwithstanding the Verdict or in the Alternative for Directed Verdict of Acquittal (Doc. 43). For the following reasons, the Court denies Defendant's Motion.

BACKGROUND

In a two-count indictment, Defendant, a former Columbus police officer, was charged with violations of the Hobbs Act, 18 U.S.C. § 1951, and making false statements to a government agency, 18 U.S.C. § 1001. The evidence at trial established that on April 10, 2007, while investigating a "shots fired" call, Defendant confronted Phillip Whitaker. Defendant searched Whitaker, but found no gun, drugs, or other contraband on Whitaker's person. Whitaker testified that Defendant removed money from Whitaker's pocket, and Defendant then drove Whitaker to the home of Elizabeth Shealy, Whitaker's grandmother. When Defendant and Whitaker arrived at the Shealy home, Shealy testified that she overheard Whitaker demand that Defendant return his money, and Defendant informed Whitaker that he could take

1

him to jail. These events formed the basis for count one of the indictment, the Hobbs Act violations.

During the course of an unrelated investigation of Larry Lightning, another Columbus police officer, FBI agents overheard Whitaker's uncle inform Lightning that Defendant had taken money from his nephew. When the FBI ultimately interviewed Defendant regarding the events of April 10th, he denied taking Whitaker's money. This denial formed the basis for count two of the indictment, the false statements charge.

On September 3, 2008, at the close of the government's evidence, Defendant moved for judgment of acquittal on both counts of the indictment. The Court granted Defendant's motion as to count one. The Court found that the government failed to prove beyond a reasonable doubt that the alleged extortion affected interstate commerce. However, the Court deferred ruling on the motion for judgment of acquittal as to the second count of the indictment, making false statements to a government agency. On September 4, 2008, a jury convicted Defendant of this second count. Defendant properly and timely filed the pending motion on September 11, 2008.

## DISCUSSION

18 U.S.C. § 1001 prohibits the knowing and willful making of "any materially false, fictitious, or fraudulent statement or representation" "in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States[.]" Defendant contends that the FBI had no factual

2

basis for believing he had committed a crime against the United States; rather, the only information available to the FBI was that Defendant may have committed a state law crime when he took Whitaker's money. Defendant therefore argues that he is entitled to a judgment of acquittal because his allegedly false statement was not made in relation to a matter within the FBI's jurisdiction.

Defendant's argument is unavailing. The United States Supreme Court has held that "[t]he FBI is authorized 'to detect and prosecute crimes against the United States.'" *United States v. Rodgers*, 466 U.S. 475, 482 (1984) (quoting 28 U.S.C. § 533(1)). Such crimes would include violations of the Hobbs Act, 18 U.S.C. § 1951. At the time the FBI investigated this case, they reasonably believed Defendant had taken money from a drug dealer in return for not taking the drug dealer to jail. It is clear that such conduct may constitute a violation of the Hobbs Act. *See, e.g., United States v. Bernard*, 47 F.3d 1101, 1102 (per curiam) (11th Cir. 1995) ("A public official's receipt of a bribe in return for nonenforcement of drug laws, through definition, impacts upon interstate commerce."). "[A] statutory basis for an agency's request for information provides jurisdiction enough to punish fraudulent statements under § 1001." *Rodgers*, 466 U.S. at 481 (internal quotation marks omitted). Because the FBI was investigating Defendant's potential Hobbs Act violation, the Court finds that the FBI was properly investigating a matter within its

3

jurisdictional authority when Defendant made the false statements at issue in this case.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment of Acquittal Notwithstanding the Verdict or in the Alternative for Directed Verdict of Acquittal (Doc. 43) is denied.

IT IS SO ORDERED, this 26th day of September, 2008.

                                      S/Clay D. Land
                                        CLAY D. LAND
                              UNITED STATES DISTRICT JUDGE